IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| GAIL SCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1-04-1298-T/An |
| ) | |
| THE DRESS BARN, INC., ) | |
| ) | |
| Defendant. ) | |

## AGREED JOINT PROTECTIVE ORDER

Plaintiff has requested in discovery certain confidential personnel information of Dress Barn ("Defendant"), its employees, and former employees. Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, by stipulation of the parties, in order to expedite discovery and to protect the confidential status of personnel information of Defendant, its employees, and former employees not made available to the general public, and protect the confidential status of Plaintiff's personal information,

IT IS ORDERED THAT the following provisions and conditions shall apply to all documents, things, answers, responses and information produced or filed by, or obtained from Defendant, Plaintiff or any other person or entity (including, but not limited to, documents produced, answers to interrogatories, responses to requests to admit, deposition testimony and transcripts, motions, briefs and affidavits) subsequent to the date of this Order in the above-captioned matter:

1.   To protect confidential, personal and personnel information Defendant or Plaintiff may designate documents, things, answers, responses or information produced in discovery, and

any documents referring to such material or derived therefrom, to be confidential and subject to the provisions of this Order. This Order shall apply to documents, things, answers, responses or information for which Plaintiff claim confidential status and, as such, this Order shall apply to Plaintiff in the same manner as to Defendant.

2. Documents, things, answers, responses, or information for which confidential status is claimed by the parties ("Confidential Material") shall, if in documentary form, be stamped or designated "Confidential" and maintained in confidential status subject to the provisions of this Order. Any Confidential Material to be filed with the Court shall be marked "Confidential: Subject to the terms of Protective Order."

3. Except as otherwise provided herein, Confidential Material shall be used solely for the prosecution and defense of the claims in this action, and, unless the Court for good cause shown rules otherwise, Confidential Material shall not be disclosed to any person other than the Court and: (a) judicial officers and personnel (including stenographic reporters); (b) counsel of record in this action and members and associates of their law firms; (c) the clerical and paralegal staff of counsel of record in this action employed during the preparation for and trial of this action; (d) persons retained by counsel of record to furnish expert services or advice or to give expert testimony in this action; (e) witnesses and potential witnesses; and (f) the parties to this action. Confidential Material disclosed under this paragraph to any such person shall not be disclosed by him/her to any other person not included within subparagraphs (a) through (f) of this paragraph 3.

4. Before any Confidential Material is disclosed to any person as permitted in subparagraph 3(e) hereof, such person will have read or been advised of the terms of this Order.

5.  Nothing contained in this Order shall affect the right of either party to make any objection, claim or other response to interrogatories, requests to admit, requests for production of documents or to any questions at deposition. At any time, upon motion duly served and filed, either party may bring before the Court the question of whether or not this Order should be restricted, enlarged or otherwise modified, generally, or with respect to specific items of information or specific persons.

6.  Upon final termination of this action, all persons subject to this Order shall return all Confidential Material (and all documents containing information referring to or derived therefrom), including all copies thereof (except privileged communications or attorney work product) to counsel for Defendant. At that time, counsel for Plaintiff shall certify to counsel for Defendant that all such documents or materials with respect to which a claim of privilege or work product protection is asserted have been destroyed. Such certification shall be made within a reasonable time after termination of the action.

7.  If counsel is served with a subpoena for any Confidential Material, the person so served shall give to counsel for the opposing party seven days notice, or reasonable notice if the time for compliance with the subpoena is seven days or less after service, before producing the Confidential Material demanded in the subpoena.

8.  Nothing in this Order shall prejudice Plaintiff's or Defendant's right to make any use of, or disclose to any person, any material it has designated as Confidential Material, during the course of its normal business operations, without prior court order, or to waive the provisions of this Order with respect to that parties' Confidential Material. Nor shall anything in this Order prevent or affect the right of any party to use any Confidential Material at any trial provided that any such use is otherwise in accordance with the provisions of this Order.

9. Through counsel, the parties may agree to any specific disclosure of Confidential Material (or any information contained therein or derived therefrom) in a particular circumstance without prejudice to the continued application of this Order as to the use of that document or thing.

10. Inadvertent disclosure of Confidential Material (or any information contained therein or derived therefrom) shall not be deemed to waive any of the rights provided herein.

11. Nothing in this Order, or any designation or declaration pursuant to this Order, shall constitute, or be used by Plaintiff or Defendant as an "admission by party opponent."

12. This Order shall continue in effect after the termination of the above-captioned action.

SO ORDERED this 3rd day of October, 2005.

_____
UNITED STATED DISTRICT COURT JUDGE

APPROVED:

_____
Delaine R. Smith
Raanon Gal
FORD & HARRISON LLP
795 Ridge Lake Blvd., Suite 300
Memphis, Tennessee 38120
Telephone:   (901) 291-1500
Telefax:     (901) 291-1501

Attorney for Defendant

_____ /By permission ___ /s/
Florence M. Johnson, Esq.
100 N. Main, Suite 3001
Memphis, TN 38103
Telephone:   (901) 522-8900
Telefax:     (901) 522-8219

Attorney for Plaintiff

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 12 in case 1:04-CV-01298 was distributed by fax, mail, or direct printing on October 4, 2005 to the parties listed.

---

Raanon Gal
FORD & HARRISON LLP
6750 Poplar Ave.
Ste. 600
Memphis, TN 38138

Delaine R. Smith
FORD & HARRISON, LLP- Ridge Lake Blvd.
795 Ridge Lake Blvd.
Ste. 300
Memphis, TN 38120

Florence M. Johnson
LAW OFFICE OF FLORENCE JOHNSON
100 N. Main Building
Ste. 3001
Memphis, TN 38103

Honorable James Todd
US DISTRICT COURT