IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |  |
|---|---|---|
| GAIL SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 04-1298-T/An |
| | ) | |
| THE DRESS BARN, INC., | ) | |
| | ) | |
| Defendant. | ) | |

ORDER DENYING MOTION TO STRIKE PORTIONS OF AFFIDAVIT

On November 22, 2005, the plaintiff filed the affidavit of Kim Callahan with the Court.[1]   On February 16, 2006, the defendant filed a motion for summary judgment. Anticipating that plaintiff would rely on the Callahan affidavit in her response to that motion for summary judgment, the defendant also filed a motion to strike portions of the document. Defendant argues that paragraphs 4, 7, 9 and 10 of the affidavit should be stricken because those portions are inadmissible and cannot be considered on summary judgment.  On March 18, 2006, plaintiff filed her response to the motion for summary judgment, in which she relies, *inter alia*, upon two of the challenged paragraphs in the Callahan affidavit.  On March 20, 2006, plaintiff filed a response to the motion to strike.

Motions to strike are governed by Rule 12(f) of the Federal Rules of Civil Procedure,

___

[1] When plaintiff filed the affidavit, there was no accompanying explanation of its purpose.  The better practice is to file affidavits as exhibits to the motion or reponse in which they are used.

and are generally disfavored.  Fed. Sav. & Loan Ins. Corp. v. Burdette, 718 F. Supp. 649, 662

(E.D. Tenn. 1989).  Rule 12(f) authorizes the Court to "order stricken from any pleading any

insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Under

the Federal Rules of Civil Procedure, a "pleading" is defined as:

> [A] complaint and an answer; a reply to a counterclaim denominated as such;
> an answer to a cross-claim, if the answer contains a cross-claim; a third-party
> complaint, if a person who was not an original party is summoned under the
> provisions of Rule 14; and a third-party answer, if a third-party complaint is
> served.

Fed. R. Civ. P. 7(a).  An affidavit is not a pleading that is subject to a motion to strike under

Rule 12(f).  See Fox v. Michigan State Police Dep't, No. 04-2078, 2006 WL 456008, *2 (6th

Cir. Feb. 24, 2006); Adams v. Shelby County, Tenn., No. 03-2975 B, 2006 WL 522422, *1

(W.D. Tenn. Mar. 30, 2006); City of Kalamazoo v. Michigan Disposal Serv. Corp., 125 F.

Supp. 2d 219, 221-22 (W.D. Mich. 2000).

The defendant's motion to strike is DENIED.  The Court will consider the parties'

arguments regarding the admissibility of the challenged portions of the Callahan affidavit in

its ruling on the motion for summary judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE