IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| GAIL SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 04-1298-T-An |
| | ) | |
| THE DRESS BARN, INC., | ) | |
| | ) | |
| Defendant. | ) | |

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
BASED ON JUDICIAL ESTOPPEL AND
DENYING SECOND MOTION FOR SUMMARY JUDGMENT AS MOOT

Plaintiff Gail Scott filed this action against The Dress Barn, Inc., alleging that Defendant unlawfully discriminated against her on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended ("Title VII") and the Tennessee Human Rights Act, T.C.A. § 4-21-101 et seq. ("THRA"). She also alleged state common law tort claims which were dismissed in an order entered on March 10, 2005.

Defendant has filed a motion for summary judgment on the ground of judicial estoppel [DE # 17]. Plaintiff has filed a response to the motion, and Defendant has filed a reply.[1] For the reasons set forth below, Defendant's motion for summary judgment on the ground of judicial estoppel is GRANTED. Defendant's second motion for summary

---

[1] Plaintiff was granted permission to file a surreply on March 28, 2006, but did not do so within the five days granted by the court.

judgment [DE #24] is DENIED as moot.

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. To prevail on a motion for summary judgment, the moving party has the burden of showing the "absence of a genuine issue of material fact as to an essential element of the nonmovant's case." Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989). The moving party may support the motion with affidavits or other proof or by exposing the lack of evidence on an issue for which the nonmoving party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The opposing party may not rest upon the pleadings but, "by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

"If the defendant . . . moves for summary judgment . . . based on the lack of proof of a material fact, . . . [t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). The court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter, however. Anderson, 477 U.S. at 249. Rather, "[t]he inquiry on a summary judgment motion . . . is . . . 'whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law.'" Street, 886 F.2d at 1479 (quoting Anderson, 477 U.S. at 251-52). Doubts as to the existence of a genuine issue for trial are resolved against the moving party. Adickes v. S. H. Kress & Co., 398 U.S. 144, 158-59 (1970).

Plaintiff, a black female, filed her complaint on November 15, 2004. She alleged that Defendant, a retail clothing store, did not hire her for the position of store manager or assistant store manager at its Jackson, Tennessee, location even though these positions were available and even though Plaintiff had worked at a Dress Barn in another state. Instead, Plaintiff was offered a part-time sales associate position. Plaintiff further alleged that a white female without Dress Barn experience was hired to be store manager.

On December 13, 2004, less than a month after she filed this action, Plaintiff filed a voluntary petition for bankruptcy in the United States Bankruptcy Court for the Western District of Tennessee. Defendant's Exhibit 3, Ch. 13 Case No. 04-15545. As part of the bankruptcy petition, Plaintiff completed a sworn statement of financial affairs to the bankruptcy court in which she was required to "list all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the fiing of this bankruptcy case." Id. at p. 32. Plaintiff identified two lawsuits in her bankruptcy petition but did not list this lawsuit. Id.; Depo. Plaintiff at pp. 22, 132. Plaintiff signed the voluntary petition and statement of financial affairs under penalty of perjury that the information disclosed therein was true and correct. Id. at p. 127.

On February 11, 2005, Plaintiff's Chapter 13 plan was confirmed. The order provides that Plaintiff is to pay $84.00 every two weeks for five years which is sixteen per cent of the total debt she incurred from her unsecured creditors. Exhibit 3 at pp. 3-6. 10. At the time of her deposition on September 27, 2005, Plaintiff had not revealed the existence of the lawsuit to the bankruptcy court. Depo. at p. 132. Plaintiff was represented by an attorney when she

filed her bankruptcy petition. Id. Plaintiff made no effort to amend the voluntary petition and statement of financial affairs to include this lawsuit until January 24, 2006, after Defendant had filed its motion for summary judgment.

Defendant is entitled to summary judgment because Plaintiff lacks standing to pursue the claims in this lawsuit. Claims that arise prior to or during a bankruptcy are property of the bankruptcy estate. Because this action is a part of Plaintiff's bankruptcy estate, the bankruptcy trustee, not Plaintiff, has standing to bring the claim. Section § 541(a) of the Bankruptcy Code states in part:

> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such an estate is comprised of all of the following property, wherever located and by whomever held:
>
> (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in the property as of the commencement of the case.

11 U.S.C. § 541(a). Section 541 vests legal claims in the bankruptcy estate. Accordingly, the right to pursue those claims is the exclusive province of the bankruptcy trustee, and the debtor does not have standing to bring those claims in a court of law. See Bauer v. Commerce Union Bank, 859 F.2d 438 (6th Cir.1988). As explained in Snyder v. United States, 63 Fed.Cl. 762, 765 (Fed. Cl. 2005),

> Federal bankruptcy law provides that "[t]he commencement of a [bankruptcy proceeding] creates a [bankruptcy] estate,"11 U.S.C. § 541(a)(1) (2000), and confers upon a court-appointed trustee the representative capacity to sue or be sued on behalf of the estate, 11 U.S.C. § 323(a)-(b) (2000) ("The [bankruptcy] trustee ⋯ has capacity to sue and be sued."). See also In re Luongo, 259 F.3d 323, 335 (5th Cir.2001) ("The commencement of the bankruptcy case creates a bankruptcy estate, which includes all 'legal and equitable interests of the

4

debtor.'") (citations omitted);

debtor.' ") (citations omitted); Tyler House Apartments, Ltd. v. United States, 38 Fed.Cl. 1, 6 (1997) ("[T]he power to assert ⋯ a claim [on behalf of the debtor] rests solely with the bankruptcy trustee.") (emphasis added) (citing 11 U.S.C. § 323(a) and Bauer v. Commerce Union Bank, 859 F.2d 438, 441 (6th Cir.1988), cert. denied,489 U.S. 1079, 109 S.Ct. 1531, 103 L.Ed.2d 836 (1989)). Federal law dictates that the bankruptcy trustee is the only party with standing to bring a claim on behalf of a bankruptcy estate and is therefore the real party in interest under RCFC 17(a).

Because, as defendant argues, "claims arising out of tax years which preceded the date of the filing of the bankruptcy petition become part of the bankruptcy estate," Def.'s Memo. 4-5 (citing Kokoszka v. Belford, 417 U.S. 642, 647-48, 94 S.Ct. 2431, 41 L. Ed.2d 374 (1974) and Barowsky v. Serelson, 946 F.2d 1516, 1517-18 (10th Cir.1991)), and because the bankruptcy trustee is the only representative with the capacity to sue or be sued concerning claims arising from the bankruptcy estate, plaintiffs are not the real party in interest with respect to the claims contained in their complaint.

A debtor can reclaim standing to pursue an action if the bankruptcy trustee abandons the claim or the bankruptcy court orders the claim abandoned.[2] However, in this case, neither the trustee nor the bankruptcy court has done so. Therefore, Plaintiff does not have standing to pursue the action.

Alternatively, Defendant is entitled to summary judgment on the ground of judicial estoppel. Plaintiff's bankruptcy proceedings bar this action under the doctrine of judicial estoppel because she did not disclose the existence of her discrimination claims in her bankruptcy petition.

---

[2] 11 U.S.C. § 554 states in relevant part:

(a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate. (b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

The Bankruptcy Code requires a debtor to file "a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs." 11 U.S.C. § 521(1). A legal claim or cause of action is an asset that must be listed under § 521(1). See Eubanks v. CBSK Financial Group, Inc., 385 F.3d 894, 897 (6th Cir. 2004). "The duty of disclosure is a continuing one, and a debtor is required to disclose all potential causes of action." In re Coastal Plains, Inc., 179 F.3d 197, 208 (5th Cir.1999) (citation omitted). "Viewed against the backdrop of the bankruptcy system and the ends it seeks to achieve, the importance of this disclosure duty cannot be overemphasized." Id.

The doctrine of judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." New Hampshire v. Maine, 532 U.S. 742, 749 (2001) (citation omitted). Judicial estoppel "preserve[s] the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship." Browning v. Levy, 283 F.3d 761, 776 (6th Cir. 2002) (quotation omitted). See also Reynolds v. Commissioner, 861 F.2d 469, 472 (6th Cir.1988).

The Supreme Court has identified three considerations that are typically relevant in determining whether judicial estoppel should apply: (1) "a party's later position must be clearly inconsistent with its earlier position"; (2) "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceedings would create the perception that either the first or the second court was misled"; and (3) "whether the party seeking to assert an inconsistent

6

position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." New Hampshire, 532 U.S. at 750-51 (internal quotations and citations omitted). In Browning, the court focused on the first two factors identified in New Hampshire and described judicial estoppel as barring a party from "(1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position either as a preliminary matter or as part of a final disposition." 283 F.3d at 775 (internal quotation omitted).

Plaintiff has met the two Browning factors in that she (1) now asserts a position contrary to the one that she asserted under oath in a prior proceeding by bringing claims she swore she did not have in the statement of financial affairs and schedule of personal property; and (2) the bankruptcy court adopted the contrary position in its order confirming her Chapter 13 bankruptcy plan. As to the first factor, the Sixth Circuit has held that pursuing a cause of action not disclosed as an asset in a bankruptcy filing creates an inconsistency sufficient to support judicial estoppel. See Eubanks, 385 F.3d at 898; Browning, 283 F.3d at 775. The Sixth Circuit also has held that an order confirming a Chapter 13 plan adopts the debtor's statement that she has no potential causes of action and supports a finding that the second factor has been met. See Reynolds v. Commissioner, 861 F.2d 469, 473 (6th Cir.1988). Thus, Plaintiff's actions in her bankruptcy proceeding and in the present case establish the two factors necessary for the court to apply the doctrine of judicial estoppel to her present claim of discrimination.

The fact that Plaintiff amended her petition after the filing of Defendant's motion does

not negate the Browning factors. See Tyler v. Federal Express Corp., 2005 WL 3872594 (W.D. Tenn.) ("Plaintiff argues that the 'application of judicial estoppel in this matter would be unduly harsh and inequitable because Ms. Tyler's bankruptcy proceeding has been amended to correct any deficiencies in her petition.' However, as the Eleventh Circuit noted in Burnes [v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1286 (11th Cir.2002)], '[t]he success of our bankruptcy laws requires a debtor's full and honest disclosure. Allowing [plaintiff] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them. This so-called remedy would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtors' assets.'" (some citations omitted)).

Although there is a good faith exception to judicial estoppel, see New Hampshire, 532 U.S. at 753 ("We do not question that it may be appropriate to resist application of judicial estoppel when a party's prior position was based on inadvertence or mistake." (internal quotation omitted)), Plaintiff has presented no facts to the court to suggest that her failure to list her discrimination claim was the result of inadvertence or a mistake.

The present case is distinguishable from Eubanks v. CBSK Fin. Group, Inc., 385 F.3d 894 (6th Cir.2004), in which the appellate court reversed the district court's decision to apply judicial estoppel despite the plaintiffs' knowledge of a potential claim that was omitted from their bankruptcy petition. The court noted that an absence of bad faith, as well as mistake and inadvertence, should be considered when applying judicial estoppel. Id. at 895. Although the

plaintiffs in Eubanks omitted their cause of action from the bankruptcy schedules, they (1) notified the bankruptcy trustee of the claim and the trustee requested all of the documents regarding the claim; (2) asked the trustee on several occasions whether he intended to pursue the claim on behalf of the estate; (3) moved the bankruptcy court for a status conference on the issue of the claim; (4) unsuccessfully moved to allow the trustee to be substituted for plaintiffs in their lawsuit after the trustee refused to abandon the claim in the bankruptcy proceeding; and (5) filed an amendment to their original bankruptcy petition to add the lawsuit to their bankruptcy schedules after the defendant filed a motion to dismiss on the basis of judicial estoppel. Id. at 895-97. The court held that, although the plaintiffs had knowledge of the potential claim during the pendency of the bankruptcy proceeding, the above listed actions demonstrated that their omission was in good faith and most likely inadvertent. Id. at 899 & n. 3. In the present case, Plaintiff has presented no evidence that she took steps to apprise the bankruptcy court of this lawsuit until she was "caught" concealing the asset.

Plaintiff attempts to rely on the alleged failure of her bankruptcy attorney to tell her to disclose "any and all lawsuits as a potential asset." Plaintiff's Response at p. 3. This argument fails for several reasons. First, the statement of financial affairs clearly and plainly requires the debtor to "list all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case." Second, the fact that Plaintiff did, in fact, list two other lawsuits belies her statement that she did not know that she should list lawsuits as an asset. Finally, Plaintiff is bound by the actions of her attorney. As stated in Lewis v. Weyerhaeuser Co., 141 Fed.Appx. 420 (6th Cir. 2005),

9

>   We also find unpersuasive Lewis's assertion that she relied in good faith on the advice of her attorney's paralegal.  In a similar case, the Eleventh Circuit noted that although the "[debtor's] attorney failed to list [the debtor's] discrimination suit on the schedule of assets despite the fact that [the debtor] specifically told him about the suit, the attorney's omission is no panacea." Barger v. City of Cartersville, Georgia, 348 F.3d 1289, 1295 (11th Cir.2003).  The Barger court relied upon Link v. Wabash R.R. Co., 370 U.S. 626 (1962), for the general proposition that a litigant is bound by the errors of his or her attorney. We find the Barger court's extension of Link to the doctrine of judicial estoppel appropriate in this particular case.

Because Plaintiff lacks standing to bring this action and because the action is barred by the doctrine of judicial estoppel, Defendant's motion for summary judgment [DE # 17] is GRANTED.  Defendant's second motion for summary judgment [DE #24] is DENIED as moot.  The clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE